```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
VINCENT C. JOHNSON,

                Plaintiff,

        -against-                                12-cv-8265 (LAK)

CITY OF NEW YORK,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff brought this Section 1983 action against the City alleging that it was deliberately indifferent to an injury he sustained immediately prior to his arrest. The City moves for summary judgment dismissing the complaint. Magistrate Judge Henry B. Pitman rendered an extensive report and recommendation, dated October 21, 2014 (the "R&R"), that recommends that the motion be granted and that plaintiff's request for leave to amend to add as defendants the individual police officers alleged to have been responsible for what allegedly occurred be denied. Plaintiff has objected. The Court has reviewed both the report and recommendation and the objections with care.

        Plaintiff's first argument is that it was clear to plaintiff from the outset that Magistrate Judge Pitman would not be fair and impartial. But there are at least three problems with the contention.

        First, plaintiff had the right to seek Judge Pitman's recusal under either 28 U.S.C. § 144 or 455, but failed to do so. But a party seeking such relief waives any objection unless an application for recusal is made promptly. *See, e.g., Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 448 (2d Cir. 2005); *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 794 (2d Cir. 2002). Having considered the factors enumerated in these cases, this Court concludes that the argument was waived.

        Second, plaintiff complains chiefly, but not exclusively, that Judge Pitman's rulings went against him. But adverse rulings on procedural and substantive issues in a case almost never are a sufficient ground for recusal. *Liteky v. United States*, 510 U.S. 540 (1994).

2

Finally, nothing in the record supports plaintiff's claim of unfairness. A manifestation of belief that a point argued by one side or the other is not meritorious simply evidences disagreement with or skepticism of the argument advanced and falls under *Liteky*. And if, as plaintiff claims, Judge Pitman referred to plaintiff by his first name until plaintiff objected, plaintiff should have raised the point as soon as it occurred. He will not be heard to do so now.

In any case, this Court reviews the Magistrate Judge's report and recommendation *de novo*. Contrary to plaintiff's argument, "this action is [**not**] about whether or not Officers Leung, Officer Symon and Officer Nieves were negligent . . ." Obj. at 1. As the Magistrate Judge wrote, "A Section 1983 claim does not lie for conduct that is merely negligent." R&R, at 14. It is, rather, whether plaintiff has offered evidence which, viewed in the light most favorable to him, raises a genuine issue of material fact that the officers acted with deliberate indifference to serious medical needs of the plaintiff. Magistrate Judge Pitman's analysis of this question was correct.

Accordingly, plaintiff's objections are overruled. Defendant's motion for summary judgment dismissing the complaint is granted, substantially for the reasons stated in the R&R. Leave to amend to add the police officers as defendants is denied on the ground that amendment would be futile. The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:     November 17, 2014

_____
Lewis A. Kaplan
United States District Judge